■ JEFFREY GRUSKIN et al., Respondents, v GLENN R. EDELSTEIN, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated February 16, 1990, which granted the plaintiffs' motion to compel Allstate Insurance Company to accept a conditional release and pay them the amount of a settlement.

Ordered that the order is reversed, with costs, and the motion is denied.

The plaintiff Jeffrey Gruskin and the defendant were involved in an automobile accident. Allstate Insurance Company (hereinafter Allstate), the defendant's insurance carrier, offered the $10,000 limit of defendant's policy in settlement of the action. The plaintiffs, who had a liability policy with Aetna Casualty & Surety Company, had $50,000 in uninsured/ underinsured motorist coverage. Thus, upon Allstate's settlement offer, the plaintiff forwarded to Allstate a conditional general release for $10,000. The release provided, in part, as follows: "It is specifically understood that an underinsured claim has been made by [plaintiffs] against its underinsured carrier AETNA LIFE AND CASUALTY * * * and that said insurance carrier will reserve its rights for subrogation against [defendant] for those sums paid to [plaintiffs] under the underinsured motorist coverage and this release is specifically so conditioned."

Allstate rejected the conditional general release, and the plaintiffs subsequently moved to compel Allstate to accept the conditional release on behalf of the defendant.

The court granted that relief and we now reverse. The court's order improperly interfered with the parties' rights to negotiate a settlement, and there is no legal authority to support the determination in the order appealed from. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.