■ TIMOTHY CALDWELL, Appellant, v QUEENS-LONG ISLAND MEDICAL GROUP, P.C., et al., Respondents. [793 NYS2d 174]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), entered March 16, 2004, which denied those branches of his motion which were to revoke the prior sua sponte appointment by the Supreme Court of George J. Silver, as guardian ad litem for nonparty infant Delmar O'Neil Caldwell and to restore this action to the trial calendar, and, in effect, denied that branch of his motion which was to vacate a prior order of the same court dated September 9, 2003, which directed that the action be settled for the sum of $50,000.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the order dated September 9, 2003, is vacated, the appointment of George J. Silver as guardian ad litem for nonparty infant Delmar O'Neil Caldwell is revoked, and the matter is restored to the trial calendar for an immediate retrial.

This matter involves alleged medical malpractice which resulted in severe injuries to the plaintiff's decedent. The plaintiff's decedent later died of causes unrelated to the alleged malpractice.

The plaintiff's decedent commenced this action to recover damages resulting from the defendants' alleged medical malpractice. After her death, the Surrogate's Court, Kings County, by decree dated January 26, 2001, appointed Timothy Caldwell, her brother, as the administrator of her estate. In that capacity, he was substituted as the sole plaintiff. The letters of administration directed, inter alia, that he could not compromise the action without a further order of the Surrogate's Court. It appears the sole beneficiary of the estate of the plaintiff's decedent is her now 14-year-old son, Delmar O'Neil Caldwell.

This action was originally tried in the Supreme Court, Kings County. On June 19, 2003, towards the close of the plaintiff's case, the Supreme Court informed the plaintiff that the defendants had offered $50,000 to settle the action, and that it was in the best interest of the infant to accept the offer. The plaintiff, on the record, refused to do so. At point in the

trial, the Supreme Court, over the strenuous objections of the plaintiff and his attorney, appointed George J. Silver as guardian ad litem (hereinafter the GAL) for the infant.

The next day, after the close of the plaintiff's case, the Supreme Court first heard argument on the defendants' motion to dismiss the action on the ground that the plaintiff failed to make out a prima facie case. It then conducted a hearing at which the GAL agreed that acceptance of the $50,000 offer was in the infant's best interest. On the record, after indicating that it was inclined to grant the motion, the Supreme Court directed the acceptance of the offer and also directed the plaintiff's attorney to prepare the appropriate papers for the Supreme and Surrogate's Courts. It then discharged the jury.

Apparently at the Supreme Court's direction, the plaintiff's counsel submitted an order dated September 9, 2003, which, inter alia, directed that the matter be settled for $50,000, again appointed George J. Silver as the GAL, and directed the plaintiff to submit a proposed compromise order. Notably, before taking this action, the Supreme Court did not remove Timothy Caldwell as administrator, nor did it direct the GAL to apply for this relief. By order entered March 16, 2004, the Supreme Court denied the plaintiff's motion to vacate the order dated September 9, 2003, to revoke the appointment of the GAL, and to restore this action to the trial calendar for an immediate retrial.

The Supreme Court erred in directing that the action be settled over the plaintiff's objection and subsequently denying the motion to vacate the order dated September 9, 2003, to revoke the appointment of the GAL, and to restore the action to the trial calendar. There was no authority for the Supreme Court to compel the plaintiff to settle this action against his wishes (*see Gruskin v Edelstein,* 174 AD2d 649 [1991]). Furthermore, under the particular circumstances of this case, there was no reason to appoint a GAL for the nonparty infant (*see Stahl v Rhee,* 220 AD2d 39, 44-45 [1996]; *cf.* CPLR 1202). Accordingly, the matter should be restored to the trial calendar of the Supreme Court, Kings County, for an immediate retrial.

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Florio, J.P., Goldstein, Crane and Lifson, JJ., concur.